UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

In Re:

ANTONIO H. AZEVEDO,
dba AZEVEDO DAIRY,

Debtor.

Bankruptcy Case
No. 11-41561-JDP

_____

MEMORANDUM OF DECISION
_____

*Introduction*

On November 6 2012, the Court conducted a hearing on the Application for Compensation by Accountant for Debtor and for Entry of Order Approving Accountant's Employment (the "Fee Application") relating to accountants The Lidstrom Group (the "Accountants").  Dkt. No. 255.  After hearing from the parties appearing, the Court ordered that additional submissions be made concerning the Application.   On December 7, 2012, Debtor's counsel filed a Declaration and Memorandum

MEMORANDUM OF DECISION - 1

in support of the Fee Application.  Dkt. Nos. 339, 340.  On December 20, 2012, the U.S. Trustee filed a Response to the Fee Application.  Dkt. No. 350.  And on December 21, 2012, the chapter 7 trustee Gary Rainsdon filed an Objection to the Fee Application.  Dkt. No. 351.

The Court having now reviewed the Fee Application and all submissions, finds, concludes and enters this Memorandum disposing of the issues raised by the Fee Application.  Fed. R. Bankr. P. 7052, 9014.

1.      **The Employment Application.**

On October 28, 2011, Debtor filed an application to employ the Accountants, together with a Notice and Certificate of Service relating to the Application.  Dkt. No. 37.  There were no objections to the employment application, and on November 23, 2011, counsel for Debtor filed a Declaration of No Response.  Dkt. No. 42.  However, no order was ever submitted to the Court or entered approving the employment application.  The Court understands that neither the U.S. Trustee nor chapter 7 trustee object to the employment application, and no other party has objected.  Therefore, the employment application will be granted, and counsel for

MEMORANDUM OF DECISION - 2

Debtor is directed to submit a proposed order, with signature approvals by the U.S. Trustee and chapter 7 trustee. As per L.B.R. 2014.1(c), the order is effective as of October 28, 2011.

2.  **The Fee Application**.

The Accountants seek an award of $49,348.77 for services provided to the Debtor. *See* Declaration at 12, Dkt. No. 339. The Accountants' invoices explaining their services originally submitted with the Application were grossly inadequate, and did not comply with Fed. R. Bankr. P. 2016(a). The Accountants' revised itemized statements detailing the services provided submitted with the Declaration are much improved, but reveal continuing problems with the Accountants' request for payment. The itemized services for which they seek payment include time spent both before the employment application was filed, and after conversion of the case from chapter 12 to chapter 7 on May 11, 2012. Dkt. No. 133. Moreover, as was the principal deficiency with the original invoices, the revised itemization continues to "lump" time entries by day and tasks rendering it extremely difficult for the Court and parties to

MEMORANDUM OF DECISION - 3

determine how much professional time was expended performing discrete services.  The U.S. Trustee and chapter 7 trustee have both objected to approval of compensation for the Accountants for these reasons.

The points raised in the objection have merit.  All things considered, in the exercise of its discretion, the Court concludes that the objections filed by the U.S. Trustee and chapter 7 trustee to the Application should be **SUSTAINED**.  While the Court is anxious to approve appropriate compensation for the Accountants, the record in this case does not support payment for services rendered by the Accountants before Debtor applied to employ the Accountants on October 29, 2011, nor after the case converted from chapter 12 to chapter 7.  In addition, in determining reasonableness, the U.S. Trustee and chapter 7 trustee should be able to discern how much time was spent by the Accountants performing different services.   While some time lumping in an itemization of services may be unavoidable, to the extent the U.S. Trustee and chapter 7 trustee deem the Accountants' time entries incomprehensible or misleading, the

MEMORANDUM OF DECISION - 4

Court declines to approve payment to the Accountants for services described in those lumped entries .

## Decision and Conclusion

Counsel for Debtor, U.S. Trustee and the chapter 7 trustee shall promptly cooperate to submit an order approving compensation in an amount they and the Accountants all agree is appropriate and consistent with the Court's rulings in this Memorandum above for entry without further notice or hearing.  If they can not reach consensus on an appropriate form of order consistent with this Memorandum, Accountants may file, serve and notice for hearing an amended fee application which complies with both Rule 2014 and the Local Rules.

Dated:  December 31, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 5